IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BLANCA CARRIZALES-PUENTE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 17-03773 |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |

**DEFENDANT WAL-MART STORES TEXAS, LLC'S**
**NO-EVIDENCE AND TRADITIONAL MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DEFENDANT, WAL-MART STORES TEXAS, LLC., and files this Motion for Summary Judgment and would respectfully show the Court as follows:

## I. INTRODUCTION

Plaintiff, Blanca Carrizales-Puente ("Plaintiff"), alleges she was "injured due to a dangerous condition existing on Defendant's premises" when she "slipped on spilled ice cream as she walked in the toy section of the store" at the Wal-Mart located at 3450 Farm to Market 1960 Road West, Houston, TX 77068, on or about October 28, 2015. Plaintiff filed the instant lawsuit against Defendant on October 27, 2017. This case is currently set for trial on August 26, 2019. Completion of Discovery was February 18, 2019 and the Dispositive Motion Deadline is March 18, 2019.

Plaintiff pled a claim for premises liability. The evidence will establish the lack of any genuine issue of material fact regarding Defendant's actual or constructive notice. Therefore, Defendant is entitled to summary judgment as a matter of law and Plaintiff's premises liability claim should be dismissed, with prejudice.

## II. SUMMARY OF RELEVANT FACTS

On October 28, 2015, Plaintiff was shopping, with her two 10-year-old twin boys, at Walmart # 1103, operated by Defendant.[1] The twin boys were running around the corner from an aisle into the main action alley by the toy department, closely followed by Plaintiff.[2] As Plaintiff turned left, both feet slipped out from under her and she fell onto her left side.[3] After Plaintiff fell, she noticed what appeared to be melted chocolate ice cream.[4]

After Plaintiff fell, her sons went to find someone to assist Plaintiff. Her sons found a Walmart associate, described by Plaintiff as a Chinese female, who came to Plaintiff.[5] This female was specifically told of the substance spilled on the floor, and called a manager to report the spilled substance. [6] In this call to the manager, the Chinese female called for people to come clean up the floor, saying there was a lot of spilled ice cream. [7] The manager came, accompanied by three or four Hispanic women to clean up the spill.[8] Two of the Hispanic women had radios and called for somebody to come clean up the spill. Five maintenance associates arrived to clean up the spill.[9] Two of the Hispanic women were allegedly overheard by Plaintiff, talking with each other, saying they had heard it had been reported and it had been a customer that had ice cream that had been spilling.[10] Other than this alleged overheard conversation, Plaintiff has no other information about the source of the spill or how long the spill had been on the floor or any other temporal evidence. [11] Plaintiff did not know how long ago it had been reported but assumed it had been "some while"

---

[1] Exhibit A, Section D Facts, Paragraph 6
[2] Exhibit B, Page 18, Lines 2-10. Page 19, Lines 7-11; Page 33, Lines 16-21
[3] Exhibit B, Page 18, Lines 21-25
[4] Exhibit B, Page 18, Lines 7-10
[5] Exhibit B, Page 20, Lines 21–24.
[6] Exhibit B, Page 21, Lines 20-25, Page 22, Lines 19-25, Page 23, Lines 1-9.
[7] Exhibit B, Page 23, Lines 20-25,
[8] Exhibit B, Page 23, Lines 3-8.
[9] Exhibit B, Page 23, Lines 14-19.
[10] Exhibit B, Page 26, Lines 8-21.
[11] Exhibit B, Page 41, Lines 2-6

because the ice cream appeared to be very melted and had tracks in it.[12] Plaintiff didn't see anybody spill anything.[13] And nobody told plaintiff that they had spilled anything.[14] Plaintiff's unsupported speculation, based on nothing, that the ice cream was spilled on the floor in a frozen condition,[15] that it had to of been on the floor for a long time because it was very melted and had tracks,[16] is mere speculation and rather improbable guesses of potential events without any foundation or basis in facts and such speculation is not evidence.

Not only would the overheard conversation between the two Hispanic women be hearsay under FRE 801 and thus not even a scintilla of evidence of anything. The two Hispanic women's conversation between themselves were not an opposing parties statement under Rule 801 as these women are not parties and neither are they agents authorized to make such statements, and as they are speaking only between themselves, are not even statements to Plaintiff. [17] The overheard conversation indicating that they had been notified of the spill is hardly surprising as, per Plaintiff, the Chinese female reported the spill and instructed those very individuals to come to that very location urgently clean up the spill.[18]

Even if the two Hispanic women were notified of the spill, prior to Plaintiff's incident, without some evidence sufficient time before the event they were notified for them to take any steps or how long the substance had been on the floor, Plaintiff will be unable to sustain a cause of action for premises liability, as a matter of law, and this case should be dismissed with prejudice.

---

[12] Exhibit B, Page 27, Lines 2-22.
[13] Exhibit B, Page 40, Lines 1-3.
[14] Exhibit B, Page 40, Lines 4-6
[15] Exhibit B, Page 40, lines 20-22
[16] Exhibit B, Page 27, Lines 19-22.
[17] *See* FED. R. CIV. P. 56(c)(2), (4); *see also, e.g., Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam).
[18] Exhibit B, Page 21, Lines 20-25, Page 22, Lines 19-25, Page 23, Lines 1-9.

## III. SUMMARY JUDGMENT STANDARD AND EVIDENCE

Summary judgment is proper in any case where there is no genuine issue of material fact.[19] A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact either by: (1) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim, or (2) showing there is no evidence to support an essential element of plaintiff's claim.[20] A genuine issue exists when a reasonable jury could resolve the disputed fact in favor of, or in the manner described by, the nonmovant.[21] To support a motion for summary judgment, the moving party has the burden to show the absence of a genuine issue as to any material fact, and for these purposes the evidence must be viewed in the light most favorable to the opposing party.[22]

When the moving party has carried its summary judgment burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."[23] Where the record taken as a whole "could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."[24] The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."[25] A fact is material "if the evidence is such that a reasonable party could return a verdict in favor of the nonmoving party."[26] "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so

[19] FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[20] *Celotex Corp.,* 477 U.S. at 322–25.
[21] *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th Cir. 1996).
[22] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).
[23] *Scott v. Harris*, 550 U.S. 372, 380 (2007).
[24] *Id.* (internal citations omitted).
[25] *Id.* (internal citations omitted) (emphasis in original).
[26] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."[27]

Further, mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to survive a motion for summary judgment.[28] Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.[29] Additionally, hearsay is not competent summary judgment evidence.[30]

In a diversity jurisdiction case, when evaluating the possibility of whether there is a genuine issue of material fact regarding the elements of a plaintiff's cause of action, district courts are to apply the substantive law of the forum state.[31] "And the court is 'bound to apply the law as interpreted by the state's highest court.'"[32] As such, the Court should apply Texas law, and give deference to decisions of the Texas Supreme Court. And importantly, in Texas, the mere fact of an accident is not evidence of negligence.[33]

When a movant files a motion for summary judgment based on summary judgment evidence, the court can grant the motion only when the movant's evidence, as a matter of law, either proves all the elements of the movant's claim or defense or disproves the facts of at least one element of the non-movant's claim or defense.[34] When evaluating a motion for summary judgment based on summary-judgment proof, the trial court must assume that all of the non-

---

[27] *Scott*, 550 U.S. at 380.
[28] *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).
[29] *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).
[30] *See* FED. R. CIV. P. 56(c)(2), (4); *see also, e.g., Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam).
[31] *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 421 (5th Cir. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).
[32] *Hughes*, 278 F.3d at 421 (citing *Texas Dep't of Hous. & Cmty. Affairs v. Verex Assurance, Inc.*, 68 F.3d 922, 928 (5th Cir. 1995) (quoting *Ladue v. Chevron U.S.A., Inc.*, 920 F.2d 272, 274 (5th Cir. 1991)).
[33] *H.E. Butt Grocery Co. v. Godawa,* 763 S.W.2d 27, 30 (Tex. App.—Corpus Christi 1998, no pet.).
[34] *See, e.g.*, *Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 511 (Tex. 1995).

movant's proof is true,[35] make every reasonable inference in favor of the non-movant,[36] and resolve all doubts about the existence of a genuine issue of material fact against the movant.[37]

In support of its Motion for Final Summary Judgment, Defendant offers the following summary judgment evidence, attached hereto and fully incorporated by reference.

***Exhibit A*:** Plaintiff's Original Petition;

***Exhibit B*:** Plaintiff's Deposition Testimony and Exhibits

## IV. ARGUMENT AND AUTHORITIES

In this case, Plaintiff has sued Defendant for premises liability. Specifically, Plaintiff alleges that she slipped on spilled ice cream as she walked in the toy section of the store."[38] On the day of the incident, Plaintiff went to Wal-Mart, with her twin 10-year-old sons, to purchase a soccer ball.[39] Plaintiff was in the sports department, chasing her sons and telling them not to run when she slipped and fell.[40] Plaintiff's sons went to get help and spoke with a Asian female employee, who arrived at the scene of the incident and immediately called management.[41] The manager arrived with three Hispanic females and two of them also had radios and called on their radios for maintenance workers to clean. The original Asian female asked them to come urgently and was in charge of the maintenance workers that came to clean.[42]

To establish a premises liability cause of action, a plaintiff must establish each of the following elements:

(1) The owner/operator had actual or constructive knowledge of some condition on the premises;
(2) The condition at issue posed an unreasonable risk of harm;

---

[35] *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001).
[36] *Provident Life & Acc. Ins. Co. v. Knott*, 71 S.W.3d 308, 311 (Tex. 2002).
[37] *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).
[38] *See* Exhibit A; Plaintiff's Original Petition, Section D. FACTS.
[39] *See* Exhibit B; Page 10, lines 15-23; Page 17, Lines 13-14.
[40] *Id* at Page 17, lines 22-25; Page 18 Lines 1-10.
[41] *Id*. at Page 20, Lines21-25, Page 21, Lines 1-25, Page 22, Lines 1-25, Page 23, Line 1.
[42] *Id* at Page 23, Lines 14-25, Page 24, Lines 1-9.

  (3) The condition was concealed (i.e., not "open and obvious");
(4) The plaintiff was not aware of the danger;
(5) The owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
(6) The owner's/operator's failure to use such care proximately caused the plaintiff's injuries.[43]

In this case, without conceding the other elements, Plaintiff has no evidence as to Defendant's actual or constructive notice of the condition. Accordingly, Defendant should be granted summary judgment as a matter of law, and Plaintiff's premises liability claim should be dismissed, with prejudice.

### A. To establish actual or constructive knowledge, Plaintiff must be able to show that Defendant knew, or should have known, of the presence of the liquid substance on the floor

To establish that Defendant had actual or constructive knowledge of the alleged substance on the floor, there must be evidence to establish that one of the following three situations

(1) Defendant placed the liquid substance on the floor;

(2) Defendant actually knew the liquid was on the floor prior to the incident and negligently failed to remove the liquid substance, or

(3) It was more likely than not that the liquid substance was on the floor long enough to give Defendant a reasonable opportunity to discover the substance.[44]

Plaintiff testified in her deposition that she did not see anyone spill anything on the floor and nobody told her they had spilled anything.[45] Since the conversation between the two Hispanic women was hearsay, Plaintiff also admitted that Plaintiff has no information of how long the substance had been on the floor.[46]

---

[43] *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998); *Keetch*, 845 S.W.2d at 264; *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983); *Austin v. Kroger,*
[44] *Keetch*, 845 S.W.2d at 265.
[45] *See* Exhibit B at Page 40, Lines 1-5;; Page 57, Lines 1-21.
[46] *See Exhibit B,* Page 41 Lines 2-6.

### B. DEFENDANT DID NOT PLACE THE LIQUID SUBSTANCE ON THE FLOOR AND DID NOT KNOW THE LIQUID SUBSTANCE WAS ON THE FLOOR BEFORE PLAINTIFF'S ACCIDENT

Defendant can establish that Plaintiff will be unable to show that Defendant placed the liquid substance on the floor, or that Defendant knew the substance was on the floor prior to the incident. During her deposition, Plaintiff testified that she did not see anybody spilling the chocolate ice cream and nobody told her that they had spilled anything. Specifically, Plaintiff testifies as follows:

Q: (By Mr. Warnock) And you didn't see anybody spill anything?

A; I did not see.

Q: And nobody told you that they had spilled anything?

A: No.[47]

Other than a hearsay statement, which is not any evidence of anything, by two Hispanic associates, that an unidentified customer had spilled the ice cream at some unknown time,[48] Plaintiff has no information about how long the substance had been on the floor nor is Plaintiff aware of anyone that walked through the area where plaintiff slipped and fell that could provide any temporal evidence.[49] Specifically, Plaintiff testified as follows:

Q: (By Mr. Warnock) But other than this conversation between these two ladies, you don't have any other information about how long it had been on the floor?

A: No.

Q: From the time that the ice cream was spilled on the floor until the time you slipped and fell, do you know anyone that walked to the area where you fell?

Ms. Bartholet: Objection, form.

---

[47] Exhibit B, Page 40, Lines 1-6

[48] Exhibit B, Page 39, Lines 12-25.

[49] Exhibit B at Page 41, Lines 2-6; Page 62, Lines 19-25, Page 63 Lines1-7, ,; .

A: When I was walking, I saw that it was quiet, that the space was empty.

Q: (By Mr. Warnock) So, you didn't see anybody walk through the area where you fell – while you were in the store?

Ms. Bartholet: Objection, form.

A: Not at that time.[50]

This court should overrule Plaintiff's objections to the form of the question as the questions were proper. The question was only asking Plaintiff's knowledge of anyone walking through the area and if Plaintiff saw anyone walking through the area of incident.

Defendant's evidence establishes that Plaintiff can offer no direct testimony that Defendant placed the liquid onto the floor. Plaintiff testified that she believed it was spilled by a customer.[51]That Walmart associates were aware of the spill on the floor after receiving a call from the first responder reporting that spill on the floor is no evidence of anything other than receiving a call, as testified to by Plaintiff. To assume that such knowledge preceded the call is mere speculation, without basis or foundation. Factually, every one of the people summoned to the location by "Chinese female" and the manager most assuredly all knew there was a spill because that is why they were summoned to the location. Plaintiff has no evidence as to any party actually aware of any spill prior to the incident. As such, Defendant has shown that no genuine issue of material fact exists regarding whether Defendant had actual knowledge of the liquid substance. Therefore, summary judgment is proper on the actual knowledge component of Plaintiff's premises liability claim.

### C. PLAINTIFF WILL BE UNABLE TO PROVE THAT THE LIQUID SUBSTANCE EXISTED LONG ENOUGH ON DEFENDANT'S PREMISES PRIOR TO THE ACCIDENT TO ESTABLISH THAT DEFENDANT SHOULD HAVE DISCOVERED THE LIQUID'S PRESENCE BEFORE THE INCIDENT.

[50] Exhibit B, Page 41, Lines 2-6.
[51] Exhibit B, Page 39, Lines 12-14

Defendant has established that there is no admissible evidence that Defendant placed the liquid substance on the floor or actually knew the liquid substance was on the floor before the incident. Therefore, to prevail on its summary judgment motion on element (1), Defendant must now show that no genuine issue of material fact exists regarding whether Defendant had constructive knowledge of the liquid substance.  When attempting to show constructive knowledge, a plaintiff must prove that it was more likely than not that the dangerous condition existed long enough so as to give the proprietor a reasonable opportunity to discover the condition.[52]

The Texas Supreme Court has set a high standard to establish a defendant's constructive notice of a condition.[53] In *Reece*, the Texas Supreme Court was presented with a case in which the plaintiff slipped and fell on liquid located on the floor near a snack bar.[54] Although there was no evidence about how the spill got on the floor or how long the spill was present on the floor, the plaintiff presented evidence that a Wal-Mart employee walked past the area where the plaintiff fell shortly before the incident.[55] Additionally, the court heard evidence that the Wal-Mart store in question was aware of a propensity for spills in the area and that store policy required employee intervention if they discovered spills on the premises.[56] Based on this evidence, the trial court rendered judgment on a jury verdict in the plaintiff's favor.[57] The Waco Court of Appeals affirmed the trial court's judgment, finding that the employee's proximity to the spill, along with the store's awareness of the propensity for spills in the area and the store's policies and procedures, was sufficient to establish constructive notice.[58]

---

[52] *Gonzalez,* 968 S.W.2d at 936.
[53] *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812 (Tex. 2002).
[54] *Id.* at 813.
[55] *Id.* at 814.
[56] *Id.*
[57] *Id.*
[58] *Id.*

When Wal-Mart challenged the decision to the Texas Supreme Court, the plaintiff argued that requiring a plaintiff to present evidence of how long the spill had been on the floor prior to a plaintiff's incident would improperly elevate a temporal evidence obligation above the issue of whether the premises owner had a reasonable opportunity to discover the spill.[59] The plaintiff alleged that the proximity of Wal-Mart's employee to the spill prior to the incident was some evidence that Wal-Mart had a reasonable opportunity to discover the spill.[60] In reversing the decision of the Waco Court of Appeals, the Texas Supreme Court emphatically disagreed with the plaintiff's argument.[61]

The court engaged in a detailed discussion of the temporal evidence requirement, also termed the "time-notice rule."[62] In beginning its discussion, the court stated, "The rule requiring proof that a dangerous condition existed for some length of time before a premises owner may be charged with constructive notice is firmly rooted in our jurisprudence."[63] In fact, the court made a point to reference a court of appeals decision which, in describing the "time-notice rule" stated, "[W]e know of no rule of law that is better established in this state."[64] The Texas Supreme Court explained that the "time-notice rule" emerged from "our reluctance to impose liability on a storekeeper for the carelessness of another over whom it had no control or for 'the fortuitous act of a single customer' that could instantly create a dangerous condition."[65] Further, the court

---

[59] *Id.*
[60] *Id.*
[61] *Id.* at 817.
[62] *Id.* at 815-16.
[63] *Id.* at 816.
[64] *Id.* at 816 (citing *F.W. Woolworth Co. v. Goldston*, 155 S.W.2d 830, 832 (Tex.Civ.App.—Amarillo 1941, writ ref'd w.o.m.).
[65] *Id.* at 816 (citing *Coffee v. F.W. Woolworth Co.*, 536 S.W.2d 539, 541 (Tex. 1976)

affirmed use of the "time-notice rule" even though the court recognized that the rule might make it impossible for the plaintiff to show actual or constructive knowledge.[66]

The "time-notice rule" was endorsed because the court felt that "temporal evidence best indicates whether the owner had a reasonable opportunity to discovery and remedy a dangerous condition."[67] In discussing the obligation placed upon a plaintiff suing for premises liability, the court stated:

> An employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was *possible* for the premises owner to discover the condition, not that the premises owner reasonably *should* have discovered it. Constructive notice demands a more extensive inquiry. Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition.[68]

In order to make its ruling abundantly clear, the court summarized its ruling, noting that in order to impose liability based on constructive notice "there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition."[69]

Defendant can establish that Plaintiff will be unable to meet her temporal evidence burden. During her deposition, Plaintiff was unable to provide admissible evidence or knowledge of how long the liquid substance had been on the floor:

> Q: (By Mr. Warnock) But other than this conversation between these two ladies, you don't have any other information about how long it had been on the floor?
>
> A: No.[70]

---

[66] *Id.* at 816; *see also CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102-03 (Tex. 2000) (in which the court also discussed the "time-notice rule" and declined to limit that rule solely to slip-and-fall cases).
[67] *Id* at 816.
[68] *Id.* (Emphasis in original).
[69] *Id.* (Emphasis added).
[70] *See* Exhibit B at Page 41, lines 1-6.

The two Hispanic women referred to in that statement were two women that came in response to the Chinese female that called them and was in charge of them.[71] Although their statements seem to be merely the ordinary statements of someone called by their boss to remedy a spill after being informed of the spill, after the incident, the court does not need to join Plaintiff in any speculation, as the statements are clearly hearsay and by definition not evidence of anything and cannot be used to raise a fact issue as is not even a scintilla of evidence.

Clearly, in order for the statements to have any relevance they must be offered for the truth of the matter asserted. In this case the declarant is not testifying in the current trial or hearing, was not under oath and thus any statement made would be hearsay, which is not admissible evidence of anything.[72] Plaintiff may allege that statements are not hearsay under FRE 801 (d) (2) An Opposing Parties Statement - but such a claim fails to fulfill the requirements of the rule as it (A) was not made by the party as neither unidentified Hispanic Woman is a party, (B) not one that Defendant has manifested that it has adopted or believed to be true, (C) was not made by a person whom Defendant has authorized to make a statement on the subject, (D) was not made by Defendants agent or employee on a matter within the scope of that relationship while it existed, nor ( E) nor was it made by Defendant's co-conspirator.

The expected argument by Plaintiff is that it was made by an employee and is not hearsay under Rule 801 (d) (2) (D).  The test for the admissibility of statements by agents, as admissions, is determined by applying the usual test of agency. Namely, was the admission made by an agent acting within the scope of his or her employment?[73]. Any statement by unauthorized employees is hearsay and inadmissible against Defendant.[74]There is no evidence that defendant employed either

---

[71] Exhibit B, Page 21, Lines 7-25, Page 23, Lines 1, 14-25; Page 24, Lines 1-9
[72] FRE, Rule 801 (c)
[73] See Northern Oil Co. v. Socony Mobile Oil Co.. , 347 F2d 81,85 (2nd Cir.)1965
[74] See Goetz v Bank of Kansas City 119 U. S. 551 (1887)

of the Hispanic women for the purpose of making statements to customers concerning spills. In fact, per Plaintiff's own testimony, no statement was even made to Plaintiff. There is no evidence that these two unidentified females were authorized in any way to make any statement on behalf of Defendant and in fact, per Plaintiff's own testimony, made no statements to Plaintiff at all.

**D. No Evidence of How Long the Spill had been on the Floor.**

Even if the claimed overheard conversation between the two unidentified Hispanic women is not hearsay and is deemed admissible, Plaintiff's claim still fails.

First, certainly the two Hispanic women were called to the scene and notified of the spill by the first call from the first responder, so when they arrived at the scene they had knowledge of the spill before they arrived[75]. Second, assume arguendo, that the two unidentified Hispanic women somehow knew of the spill even before the incident occurred, there is no evidence that they or anyone else knew of the spill in sufficient time to warn or make safe. Without that temporal evidence, Plaintiff's claim fails as a matter of law. Plaintiff has admitted that she does not have any temporal evidence of how long the liquid substance was on the floor prior to her incident. Without any such evidence, it would be pure speculation for the trier of fact to opine that Defendant had constructive knowledge of the liquid substance. As such, Defendant has shown that no genuine issue of material fact exists regarding whether Defendant had constructive knowledge of the clear liquid. Therefore, summary judgment is proper on the constructive knowledge component of Plaintiff's premises liability claim.

[75] Exhibit B, Page 21, Lines 7-25, Page 23, Lines 1, 14-25; Page 24, Lines 1-9

## V. CONCLUSION

Defendant has established that there is no genuine issue of material fact that Wal-Mart had no actual or constructive notice of any dangerous condition. Therefore, Defendant is entitled to summary judgment and Plaintiff's premises liability claim should be dismissed, with prejudice.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff, Blanca Carrizales-Puente, take nothing by way of this suit; that Judgment be entered for Defendant; and that Defendant have any other and further relief, in law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

BUSH & RAMIREZ, PLLC

*/s/Curt L. Warnock*

John A. Ramirez
State Bar No. 00798450
Federal Bar No. 21280
Curt L. Warnock
State Bar No. 20880800
Federal Bar No. 3098630
5615 Kirby, Suite 900
Houston, Texas 77005
T: (713) 626-1555
F: (713) 622-8077
jramirez.atty@bushramirez.com
cwarnock.atty@bushramirez.com

ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing instrument has been sent to Plaintiff by facsimile, certified mail, return receipt requested and/or delivery service this 18th day of March, 2019.

Corey S. Gomel
Dominique Bartholet
GOMEL & ASSOCIATES, P.C.
1177 West Loop South, Suite 1400
Houston, Texas 77027

*/s/Curt L. Warnock*
John A. Ramirez | Curt L. Warnock